FILED: 7/10/2023 9:01 AM
Anne Reed, District Clerk
Orange County, Texas
Envelope No. 77333547
Reviewed By: Justin Rhodes

CAUSE NO. 230192-C _____

| | | |
|---|---|---|
| LEAH HICKS, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § § § | |
| v. | § | OF ORANGE COUNTY, TEXAS |
| DUNHAM-PRICE, INC., D/B/A DUNHAMPRICE, INC, DURHAM PRICE INDUSTRIAL, LLC, AND DUNHAM PRICE GROUP, LLC. AND MICHAEL ANDERSON, | § § § § § § § § | |
| *Defendants.* | § § | 260th _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff LEAH HICKS ("Plaintiff") files this First Amended Petition complaining of DUNHAM-PRICE, INC., D/B/A DUNHAMPRICE, INC, DURHAM PRICE INDUSTRIAL, LLC, AND DUNHAM PRICE GROUP, LLC. ("Defendant Company"), and MICHAEL ANDERSON ("Defendant Driver" and/or collectively called "Defendants") and would show the following:

### I. DISCOVERY LEVEL

1. Discovery in the matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II. JURISDICTION & VENUE

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue pursuant to Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving rise to the claim occurred in Orange County, Texas.

3. Further, this case is not removable, as multiple Defendants are Texas residents.



EXHIBIT A  1

*See* 28 U.S.C.A. § 1441(b)(2) (West).

### III. PARTIES

4. Plaintiff LEAH HICKS is a Texas citizen.

5. Defendant DUNHAM-PRICE, INC., D/B/A DUNHAMPRICE, INC, DURHAM PRICE INDUSTRIAL, LLC, AND DUNHAM PRICE GROUP, LLC. (hereinafter called "Defendant Company") is a domestic for profit company with principal place of business in Texas. This Defendant may be served with process through its registered agent, 210 Mike Hooks Rd., Westlake, LA 70544 or wherever he may be found.

6. Defendant MICHAEL ANDERSON is a Louisiana resident and citizen. This Defendant may be served with process at his residence 635 Hebert St., Jeanerette, LA 70544 or wherever he may be found.

### IV. FACTS

7. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about June 21, 2022. At that time, Defendant Driver, MICHAEL ANDERSON, was operating a 2018 International Tractor Trailer under the authorization of DUNHAM-PRICE, INC., D/B/A DUNHAMPRICE, INC, DURHAM PRICE INDUSTRIAL, LLC, AND DUNHAM PRICE GROUP, LLC. Defendant Driver was operating a semi-truck pulling a flatbed trailer, that was carrying a large concrete beam. Defendant turned left onto 2400 block of SH 62 in Orange Texas - into the left lane next to Plaintiff at a intersection. Defendant failed to stop at a red light, operated his vehicle unsafely and collided with Plaintiff's vehicle as he made a wide right turn and struck Plaintiff's vehicle on the driver's side, as she was at a complete stop in her lane. The impact caused Plaintiff to suffer injuries to his neck, back, hand and other bodily injuries. At all relevant times, the Defendant Driver acted in the course and scope of his employment with the Defendant

Company.

## V. Causes of Action

### A. *Negligence and Gross Negligence against Defendants Company and Defendant Driver.*

8.  Plaintiff repeats and re-alleges each allegation contained above.

9.  Plaintiff sustained injuries because of the negligence and gross negligence of Defendants Company and Defendant Driver when Defendants:

    - failed to maintain a safe speed;
    - failed to maintain a safe distance;
    - failed to pay attention to the road ahead;
    - failed to exercise caution;
    - failed to keep a proper lookout;
    - failed to operate the vehicle safely; and
    - committed other acts and/or omissions deemed negligent and grossly negligent, as may be discovered as discovery in this matter progresses.

10. On balance, DUNHAM-PRICE, INC., D/B/A DUNHAMPRICE, INC, DURHAM PRICE INDUSTRIAL, LLC, AND DUNHAM PRICE GROUP, LLC. and Defendant Driver owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant DUNHAM-PRICE, INC., D/B/A DUNHAMPRICE, INC, DURHAM PRICE INDUSTRIAL, LLC, AND DUNHAM PRICE GROUP, LLC. and Defendant Driver's negligence, Plaintiff suffered severe physical injuries and is entitled to recover for these injuries an damages.

11.     Additionally, the actions/inactions of Defendant Company and Defendant Driver were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### B. Negligence Per Se against Defendant Company and Defendant Driver.

12.     Plaintiff repeats and re-alleges each allegation contained above.

13.     The conduct of Defendant Company and Defendant Driver described herein constitutes an unexcused breach of duties imposed by the Texas Transportation Code under Sections 545.062 (Following Distance), 545.351 (Maximum Speed Requirement), 545.401 (Reckless Driving).

14.     Plaintiff is a member of the class that the aforementioned sections of the Texas Transportation Code was designed to protect.

15.     The Defendant Company's and Defendant Driver's unexcused breach of the duties imposed by the aforementioned sections of the Texas Transportation Code proximately caused Plaintiff' injuries described herein.

### C. Respondeat Superior against Defendant Company.

16.     Plaintiff repeats and re-alleges each allegation contained above.

17.     At the time of the collision and immediately prior thereto, Defendant Driver was within the course and scope of employment for defendants.

18.     In addition, Defendant Driver was driving a vehicle which had been leased from and with the authority of Defendants.

19.     At the time of the collision and immediately prior thereto, Defendant Driver was engaged in the furtherance of Defendants' business.

20. At the time of the collision and immediately prior thereto, Defendant Driver was engaged in accomplishing a task for which he was employed by Defendants.

21. Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant Company for the conduct of Defendant Driver.

**D. *Agency against Defendant Company.***

22. Plaintiff repeats and re-alleges each allegation contained above.

23. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of either of Defendant Company occurred within the scope of the actual or apparent authority of such person on behalf of such person's employer.

24. Therefore, Defendant Company are liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of any such agency relationship.

**E. *Negligent Hiring against Defendant Company.***

25. Plaintiff repeats and re-alleges each allegation contained above.

26. Plaintiff sustained injuries as a result of Defendant Company's negligent hiring because of Defendant Company's:

- failure to conduct a reasonable and adequate interview of Defendant Driver as a potential employee;

- failure to properly follow up on information not provided by Defendant Driver in the interview process;

- failure to conduct a proper employment and background check of Defendant Driver;

- failure to sufficiently investigate Defendant Driver's training, prior employment, criminal record, and past;

- failure to perform the required screening, testing, and physical of Defendant Driver;

- failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving Defendant Company's vehicles on interstate highways; and

- other and further negligent and grossly negligent acts and/or omissions as may be shown in the trial of this cause as discovery progresses.

27. On balance, Defendant Company owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant Company's negligent and grossly negligent hiring, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for his injuries.

28. Additionally, the actions/inactions of Defendant Company were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### F. Negligent Training against Defendant Company.

29. Plaintiff repeats and re-alleges each allegation contained above.

30. Plaintiff sustained injuries as a result of the negligent training of Defendant Company because of Defendant Company's:

- failure to explain and demonstrate its safety policies and procedures to Defendant Driver;

- failure to provide the necessary training to Defendant Driver regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations;

- failure to properly train Defendant Driver regarding all aspects of driver safety;

- failure to train its employees, including Defendant Driver, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances;

- failure to provide Defendant Driver and/or require regular follow-up driver education and training; and

- other and further negligent and grossly negligent acts and/or omissions as may be shown in the trial of this cause as discovery progresses.

31. On balance, Defendant Company owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant Company's negligent and grossly negligent training, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for his injuries.

32. Additionally, the actions/inactions of Defendant Company were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### G. *Negligent Supervision, Retention, and Monitoring against Defendant Company.*

33. Plaintiff repeats and re-alleges each allegation contained above.

34. Plaintiff sustained injuries as a result of the negligent supervision, retention, and monitoring of Defendant Company because of Defendant Company's:

- failure to monitor Defendant Driver to make sure that he was complying with policies and procedures;

- failure to interview and test Defendant Driver to make sure he had read, and was familiar with, understood, and followed the company policies and procedures;

- failure to implement proper policies and procedures for its employees, including Defendant Driver, regarding driver safety and vehicle safety;

- failure to document and make a determination regarding fault in the accident made the basis of this suit;

- failure to supervise Defendant Driver to ensure that he was keeping the

7

        vehicle properly maintained; and

- other and further negligent and grossly negligent acts and/or omissions as may be shown in the trial of this cause as discovery progresses.

35. On balance, Defendant Company owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant Company's negligent and grossly negligent supervision, retention, and monitoring, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for his injuries.

36. Additionally, the actions/inactions of Defendant Company were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### H. Negligent Entrustment against Defendant Company.

37. Plaintiff repeats and re-alleges each allegation contained above.

38. Plaintiff sustained injuries as a result of the negligent entrustment of Defendant Company because Defendant Company provided a vehicle and/or authority to Defendant Driver who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

39. On balance, Defendant Company owed a duty consistent with the foregoing and each company breached its duty. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant Company's negligent and grossly negligent entrustment to Defendant Driver, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for his injuries.

40. Additionally, the actions/inactions of Defendant Company were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### I. *Ratification against Defendant Company.*

41. Plaintiff repeats and re-alleges each allegation contained above.

42. Defendant Company are responsible for the negligence and gross negligence of Defendant Driver under the theory of ratification because Defendant Company:

- retained Defendant Driver after he committed the underlying tortious acts;

- knew of Defendant Driver's tortious acts;

- recognized that Defendant Driver would likely continue to be negligent if he was retained;

- recognized that Defendant Driver would likely continue to be grossly negligent if he was retained;

- failed to take adequate measures to prevent Defendant Driver from committing future tortious acts; and

- otherwise adopted, confirmed, or failed to repudiate Defendant Driver's negligent and grossly negligent conduct after Defendant Company gained knowledge of the conduct.

43. As a result of Defendant Driver's negligent and grossly negligent conduct, which Defendant Company ratified, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for his injuries. Defendant Company's actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### VI. JURY TRIAL DEMANDED

44. Plaintiff hereby demands a trial by jury.

## VII. P<small>RAYER</small>

45.     Plaintiff prays that that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiff show themselves justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks damages in excess of $1,000,000 and pray for relief and judgment in the form of:

- compensatory damages against Defendants;
- past and future medical expenses;
- actual damages;
- consequential damages;
- past lost wages;
- past and future disfigurement;
- loss of earning capacity in the future;
- pain and suffering;
- exemplary damages;
- past and future mental anguish;
- past and future impairment;
- interest on damages (pre- and post-judgment) in accordance with law;
- Plaintiff's reasonable attorneys' fees;
- costs of court;
- expert witness fees;
- costs of copies of depositions; and
- other and further relief as the Court may deem just and proper.

Respectfully Submitted

*/s/ Justyn T. Edwards*
**Justyn T. Edwards**
Texas Bar No. 24128439
David J. LaRue
State Bar No. 24029682

Loncar Lyon Jenkins
12621 Featherwood Dr., Ste 285
Houston, Texas 77034
(281) 922-4878
(713) 649-3725 (Facsimile)
jedwards@loncarlyonjenkins.com
dlarue@loncarlyonjenkins.com
Lgarza@loncarlyonjenkins.com
ATTORNEYS FOR PLAINTIFF

11